**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**DEANDRE SCOTT ESTELE,**
      **Petitioner-Defendant,**

v.                                                  **Civil Action No. 5:15-cv-23**
                                                    **Criminal Action No. 5:12-cr-20-6**
                                                    **(Judge Bailey)**

**UNITED STATES OF AMERICA,**
      **Respondent-Plaintiff.**

## REPORT AND RECOMMENDATION/OPINION

## I.   INTRODUCTION

On February 18, 2015, Deandre Scott Estelle ("Petitioner"), proceeding *pro se*, filed a Motion

Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

(Civil Action No. 5:15-cv-23, Docket No. 1; Criminal Action No. 5:12-cr-20-6, Docket No. 1009).

Petitioner filed the Court-approved form for such motions on March 2, 2015. (Docket No. 1015).[1]

On March 3, 2015, the undersigned entered an Order directing the Government to respond to

Petitioner's motion. (Docket No. 1017). The Government filed its response on March 31, 2015.

(Docket No. 1019). Petitioner filed a reply on April 9, 2015. (Docket No. 1020).

The undersigned now issues this Report and Recommendation on Petitioner's motion without

holding an evidentiary hearing. For the reasons stated below, the undersigned recommends that the

District Judge **deny** and **dismiss** Petitioner's motion.

## II.   FACTS

**A.      Conviction and Sentence**

On June 5, 2012, the Grand Jury returned an Indictment against Petitioner and several co-

---

[1] From this point forward, unless otherwise noted, all docket entries refer to filings in
Criminal Action No. 5:12-cr-20-6.

defendants, charging them with various drug-related offenses. (Docket No. 6). On February 19, 2013, Petitioner signed a plea agreement in which he agreed to plead guilty to Count One. (Docket No. 712). Count One charged Petitioner with "conspir[acy] to knowingly and intentionally possess with intent to distribute and to distribute Schedule I and Schedule II narcotic drug controlled substances in violation of Title 21, United States Code Sections 846 and 841(b)(1)(C)." (Id.). Paragraph Four of that agreement provided:

> "Pursuant to Sections 6B1.4, 1B1.3, 2D1.1 [Application Note 12] of the Guidelines, the parties hereby stipulate and agree that the total drug relevant conduct of the defendant as determined by the Drug Equivalency Table under U.S.S.G. §2D1.1 is a U.S.S.G. advisory guideline Base Offense Level 26. The parties understand that pursuant to Section 6B1.4(d), **the Court is not bound by the above stipulation**, and if not accepted by the Court, Mr. Estelle will not have the right to withdraw his plea of guilty."

(Id. at 2) (emphasis added). The agreement also contained the following paragraph regarding Petitioner's waiver of appellate and collateral attack rights:

> "Mr. Estelle is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, the defendant **knowingly waives the right to appeal his sentence** (or the manner in which that sentence was determined) **including any enhancements under Section 4B1.1** of the Guidelines, on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, and waives the right to collaterally attack his sentence including but not limited to a motion brought under Title 28, United States Code, Section 2255, if the Court determines that defendant's base offense level under the advisory Guidelines is a Level 26. This waiver of appellate rights is not intended to represent the defendant's estimation of what an appropriate or reasonable sentence would or should be. Nor does this waiver of rights prevent the defendant from arguing for a sentence below the aforementioned adjusted advisory Guideline offense level at sentencing. The United States waives its right to appeal any sentence within the applicable advisory Guideline range. Both parties have the right during any appeal to argue in support of the sentence."

2

(Id. at 4) (emphasis added).

On February 21, 2013, Petitioner appeared before United States District Judge John Preston Bailey to enter his plea of guilty in open court. Petitioner was forty-three (43) years old and had completed his GED at the time of his plea. (Docket No. 1019-1 at 3:15-18). During the plea hearing, the following colloquy occurred:

> THE COURT: Now, the plea agreement contains an appellate waiver. If–and a habeas corpus waiver if your total offense level is found by the Court to be 26 or lower. Do you understand that?

> THE DEFENDANT: Yes.

> THE COURT: Do you understand that under the terms of the plea agreement, you are giving up the right to appeal the sentence imposed on you by the Court, as well as the right to file habeas corpus petitions attacking the legal validity of the guilty plea and sentence if the base offense is 26 or less?

> THE DEFENDANT: Yes, I do.

> THE COURT: Everyone who pleads guilty to a crime in federal court has the right to appeal the conviction and sentence to the Court of Appeals. A three-judge panel reviews the conviction and sentence to see if it was done correctly. Do you understand, again, that you're giving up the right to file an appeal if your base offense level is 26 or less?

> THE DEFENDANT: Yes, I do.

> THE COURT: Everyone has the right to file a habeas corpus petition to challenge a conviction and sentence. Do you understand you're giving up this right also if your base offense level is 26 or less?

> THE DEFENDANT: Yes, I do.

> THE COURT: Counsel, do you believe the defendant fully understands the importance of the waiver of appellate rights and habeas corpus?

MR. BLACK: Yes, Your Honor, I do.

(Id. at 9:24-10:25).  The following colloquy also occurred:

> THE COURT: Do you understand that after the Court has determined what guidelines may apply to your case, the Court has the authority to depart or vary from the guidelines and impose a sentence that's longer or shorter than the sentence called for by the guidelines.
>
> THE DEFENDANT: Yes, sir, I understand that.
>
> THE COURT: Under your plea agreement, you and the government have stipulated and agreed to total relevant conduct is a base offense level of 26.  Do you understand that this Court's not bound by that stipulation, and if the Court does not follow that stipulation, you have no right to withdraw your guilty plea?
>
> THE DEFENDANT: Yes, I do understand that one too.
>
> . . .
>
> THE COURT: Do you understand that if the Court accepts your guilty plea and the sentence ultimately imposed on you is longer than you had hoped for or expected, you will still be bound by your guilty plea and have no right to withdraw it?
>
> THE DEFENDANT: Yes, I do understand that.

(Id. at 14:19-15:16).

Petitioner also confirmed that he and his counsel had reviewed the entire plea agreement before he signed it.  (Id. at 11:1-4).  The Court reviewed all the rights Petitioner was giving up by entering a plea of guilty.  (Id. at 15:17-17:18).  During the hearing, the Government presented the testimony of Alexander Espejo, Sergeant with the Ohio County Sheriff's Office. (Id. at 19:25-21:15). Sergeant Espejo established a factual basis for the plea. (Id.).

After the Government presented Sergeant Espejo's testimony, Petitioner advised the Court that he was guilty of Count One of the Indictment. (Id. at 21:15-22:2). Additionally, Petitioner

4

testified under oath that no one had attempted to force him to plead guilty and that his plea was not the result of any promises other than those in the plea agreement. (Id. at 22:3-11). Petitioner acknowledged that his counsel had adequately represented him and that his counsel had not left anything undone regarding his defense. (Id. at 22:22-23:2). In conclusion, Judge Bailey determined: (1) Petitioner's plea was made freely and voluntarily, (2) Petitioner was competent to make a plea of guilty, (3) Petitioner had "full knowledge and understanding" of the consequences of his guilty plea, and (4) there was a basis in fact for the plea. (Id. at 23:15-23). Petitioner did not object to this finding.

Petitioner appeared before Judge Bailey for sentencing on July 16, 2013. Judge Bailey found that although Petitioner's base offense level was twenty-six (26), the career offender enhancement raised the offense level to thirty-two (32). (Docket No. 890 at 4:22-24). With a three-level reduction for acceptance of responsibility, the adjusted offense level was twenty-nine (29). (Id. at 5:9-10). Petitioner was a criminal history category VI. (Id. at 5:12). Consequently, the Guidelines called for incarceration for 151 to 188 months. (Id. at 5:13).

During the sentencing hearing, the Court heard testimony from Sergeant Espejo. (Id. at 13:13-18). Sergeant Espejo testified that a debriefing of Defendant had been scheduled for May 29, 2013; however, Petitioner "was not willing to talk about his Detroit sources or Mr. Tyler." [2] (Id. at 15:9-19). Mr. Tyler and the Detroit sources were "directly related to the conduct that Mr. Estelle [was] charged with." (Id. at 15:20-22). Because of Petitioner's unwillingness, the debriefing did not occur. (Id. at 16:3).

---

[2] Mr. Tyler was named in an Indictment returned by the Grand Jury in this Court. See N. D. W. Va. Criminal Action No. 5:13-cr-9.

Judge Bailey sentenced Petitioner to 165 months of imprisonment to be followed by three (3) years of supervised release. (Id. at 18:12-19:1). In doing so, Judge Bailey noted that this was Petitioner's fifth felony drug conviction. (Id. at 20:23). Additionally, Judge Bailey found that Petitioner had breached the plea agreement by refusing to be debriefed. (Id. at 21:1-9).

## B.     Direct Appeal

Petitioner challenged the reasonableness of his sentence on appeal. United States v. Estelle, 562 F. App'x 168, 169 (4th Cir. 2014) (per curiam). The Fourth Circuit determined that Petitioner's sentence was "both procedurally and substantively reasonable." Id. Thus, the Fourth Circuit affirmed. Id.

## C.     Federal Habeas Corpus

### 1.     Petitioner's Motion

Petitioner provides the court with four (4) grounds in his petition:

(1)     "[Petitioner] was prejudiced when counsel failed to investigate or move to dismiss indictment for F.R.Cr.P.6 Violation or in the Alternative to inspect list of name of qualified grand jurors who voted for the indictment." (Docket No. 1015 at 5).

(2)     "[Petitioner] was prejudiced by the objectively unreasonable performance of counsel during the sentencing and Direct Appeal process when counsel gave incorrect sentencing information in his plea agreement." (Id. at 6).

(3)     ". . . [Petitioner's] counsel was ineffective assistance by failing to object sufficiency of the evidence, and his sentence enhancement on the drug convictions based on prior with the 21 U.S.C.S. § 851 sentence enhancement notice prior to either his plea or sentencing hearing." (Id. at 8).

(4)     ". . . [Petitioner's] counsel was ineffective by failing to Federal District Court Judges held required, before departing

upward on its own motion from sentencing Guidelines' sentencing range, to give parties reasonable notice that court is contemplating such action."[3] (Id. at 10).

Petitioner's § 2255 petition is timely pursuant to 28 U.S.C. § 2255(f)(1). As for relief, Petitioner "requests that his motion to vacate under 28 U.S.C. § 2255 be granted, and that his conviction and sentence under Count One (1) of the indictment be vacated or grant him all relief to which he may be entitled in this proceeding." (Docket No. 1015 at 13; Docket No. 1009-1 at 14). Additionally, Petitioner asks the court to "order an evidentiary hearing in which he can be allowed to prove his case." (Docket No. 1009-1 at 10,12,13).

### 2.    Government's Response

The Government asserts in it's response:

(1)    "[Petitioner's] petition should be dismissed because he has failed to meet the preponderance of evidence standard. . . ." (Docket No. 1019 at 7).

(2)    "[Petitioner] does not demonstrate that his counsel's errors, if any, were outside the 'wide range of professionally competent assistant,' constituting the deprivation of a fair trial. Pilla v. United States, 668 F.3d 368, 373 (6th Cir. 2012)." (Id. at 7).

(3)    "[Petitioner's] plea was voluntary and made with a full understanding of the consequences of the plea. The language of the waiver specifically references the waiver of any enhancements under U.S.S.G. § 4B1.1 (career offender) and therefore to the extent [Petitioner] attempts to relitigate those issues his waiver is an effective bar." (Id. at 9).

---

[3] The undersigned agrees with the Government's interpretation of this statement. Petitioner is interpreted as alleging ". . . that he pleaded guilty because his counsel was ineffective and that he suffered ineffective assistance of counsel when his counsel failed to. . . object to the lack of prior notice for a 21 U.S.C. § 851 enhancement. . .[and] object to the lack of prior notice by the Court before departing upward form the sentencing guideline range." (Docket No. 1019 at 1-2).

(4)     In accordance to the mandate rule, "any arguments relating to [Petitioner's] sentence are not tenable." (Id.).

(5)     Petitioner voluntarily and intelligently testified during his plea that he "had no additions or corrections to the factual basis." (Id. at 11). Additionally, Petitioner affirmed "he was guilty, there were no defenses, nor had anything been left undone by his attorney." (Id.). Thus, Petitioner "waive[d] [ ] all claims relating to nonjurisditional errors that occurred prior to the plea. . . .Moussaoui, 591 F.3d 263, 269 (4th Cir. 2010)." (Id.).

(6)     "Statements made during a Rule 11 hearing are presumed to be true and any § 2255 motion that contradicts those sworn statements should be dismissed without a hearing. United States v. Lemaster, 403 F.3d 216, 221-222 (4th Cir. 2005). . . .[Petitioner's] statements carry such a presumption. . . ." (Id.).

(7)     "[Petitioner] gives no reason for the assertion that his counsel should have challenged the Indictment and/or grand jurors other than his unsupported speculation that the Indictment was not found to be a true bill by at least 12 grand jurors." (Id. at 15).

(8)     "[Petitioner's] argument that his sentence was enhanced pursuant to 21 U.S.C. § 851 without prior notice is without merit [because his] sentence did not include an enhancement pursuant to § 851." (Id. at 16).

(9)     Petitioner "was unequivocal in voicing his satisfaction with counsel's performance during the Rule 11 hearing. . .." Additionally, Petitioner does not produce clear and convincing evidence to establish otherwise. (Id. at 19).

(10)    Petitioner "is not entitled to an evidentiary hearing as set out in Poyner v. Murray, 964 F.2d 11404 (4th Cir. 1992).

## 3.     Petitioner's Reply

In Petitioner's "Memorandum in Support of Opposition to The Government's Motion to Dismiss Petitioner's § 2255 Motion," he argues:

(1)     The Government's allegation that Petitioner has waived his right to appeal his sentence or the manner in which his sentence was determined, including collateral attacks, "is false." ". . .[T]here are still certain issues that can be raised in a direct appeal or in a §2255 motion. See Marin, 961 F.2d 493. . . ." (Docket No. 1020 at 2).

(2)     "The Court Is Not A Party."[4] (Id. at 3).

(3)     The Government "forfeited a waiver argument by failing to raise it in a timely fashion." (Id.).

(4)     "Subject-Matter Jurisdiction can never be 'WAIVED' OR 'Forfeited'." [5] (Id. at 4).

(5)     Petitioner "was prejudiced by the objectively unreasonable performance of counsel during the pretrial process when counsel failed to timely argue that Mr. Estelle's indictment procedure failed to meet the standards of Fed. R. Crim. P.6 and the Fifth Amendment in that the indictment brought had not been 'Found' by the requisite '12 Jurors og [sic] a grand jury.'" Petitioner claims that the record states "'Nothing in the United States District Court for the Northern District of West Virginia at Wheeling records shows where the Grand Jury returned Mr. Estelle's Indictment in Open Court, or Voted the Indictment in Open Court requires [sic] by Fed. R. Crim. P. 6 and the Fifth Amendment 12 Jurors Of a Grand Jury.'" (Id. at 5).

(6)     "Counsel unprofessionally gave legal advice about pleading guilty, counsel was also ineffective ineffective [sic] for giving incorrect sentencing information in contemplation of plea." (Id. at 10).

---

[4] Petitioner elaborates on this stating "[Petitioner] understands [sic] that neither the U.S. Probation Office nor the Court is bound by the stipulation set forth in the plea agreement." (Docket No. 1020 at 3). Petitioner's statement seems to undercut his overall argument.

[5] The undersigned can dismiss this claim immediately. Subject matter jurisdiction is not at issue in the instant motion. Pursuant to 28 U.S.C. § 1331, this court has subject matter jurisdiction.

Again, Petitioner asks "this Honorable Court to Order an evidentiary, hearing in which [Petitioner] can be allowed to prove his case." (Id. at 11).

### III.   ANALYSIS

The court in Sutton v. United States, 2006 WL 36859 *2 (E.D. Va. 2006) found that pursuant to 28 U.S.C. § 2255, "a petitioner collaterally attacking his sentence or conviction bears the burden of proving that his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack." Additionally, Sutton states "a motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Id. at *2. Thus, Petitioner must meet a preponderance of the evidence standard in order to succeed on his § 2255 Motion.

**A.    Standard Governing Claims of Ineffective Assistance of Counsel**

The Supreme Court has set forth a two-prong test for determining whether a convicted defendant's claim of ineffective assistance of counsel warrants the reversal of his conviction. Strickland v. Washington, 466 U.S. 668, 687 (1984).  First, "the defendant must show that counsel's performance was deficient."  Id.  Second, "the defendant must show that the deficient performance prejudiced the defense."  Id.  These two prongs are commonly referred to as the "performance" and "prejudice" prongs. Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992).

To satisfy the "performance" prong, the defendant must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment."  Strickland, 466 U.S. at 687.  However, a reviewing court does not "grade" trial

counsel's performance, and there is a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." Carter v. Lee, 283 F.3d 240, 249 (4th Cir. 2002). Essentially, the reviewing court must not "second-guess" counsel's performance and must "evaluate counsel's performance 'from counsel's perspective at the time.'" Hunt v. Lee, 291 F.3d 284, 289 (4th Cir. 2002). See also Hunt v. Nuth, 57 F.3d 1327, 1332 (4th Cir. 1995) (finding counsel's representation is fact-dependent and viewed at the time of counsel's conduct). Furthermore, the standard of reasonableness is objective, not subjective. See Strickland, 466 U.S. at 688.

To satisfy the "prejudice" prong, the defendant must demonstrate that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. Therefore, if counsel's errors have no effect on the judgment, the conviction should not be reversed. See Id. at 691. A defendant who alleges ineffective assistance of counsel following a guilty plea has an even higher burden: "he must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988). The Fourth Circuit has recognized that if a defendant "cannot demonstrate the requisite prejudice, a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297.

The Fourth Circuit has set forth two categories of decisions made by trial counsel. First, there are "personal" decisions that require consent from the defendant, such as the decision to enter a guilty plea, the decision to waive a trial by jury, the decision to appeal, and the decision of whether to testify at trial. See Sexton v. French, 163 F.3d 874, 885 (4th Cir. 1998). The second category includes decisions that "'primarily involve trial strategy and tactics,' such as 'what evidence should be introduced, what stipulations should be made, what objections should be raised, and what pre-trial

motions should be filed.'" Id. (quoting United States v. Teague, 953 F.2d 1525, 1531 (11th Cir. 1992)). Accordingly, "[t]here is a strong presumption that counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than sheer neglect." Harrington v. Richter, 131 S. Ct. 770, 790 (2011) (citations and internal quotation marks omitted).

### 1. Petitioner's Plea Agreement Contained a Waiver.

In accordance to United States v. Attar, 38 F.3d 727, 731 (4th Cir. 1994), "a waiver-of-appeal-rights provision in a valid plea agreement is enforceable against the defendant so long as it is the result of a knowing and intelligent decision to forgo the right to appeal." (quoting United States v. Wessells, 936 F.2d 165, 167 (4th Cir. 1991)). Additionally, "for an appeal waiver to be effective, the record must show that the waiver was based upon a 'knowing and intelligent decision.'" United States v. General, 278 F.3d 389 (4th Cir. 2002). See United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992). A court examines "the particular facts and circumstances surrounding the case, including the background, experience and conduct of the accused" when determining if a waiver is knowing and intelligent. United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995) (quoting Davis, 954 F.2d at 186)). Thus, Petitioner must prove his plea agreement was not signed knowingly or intelligently in order to challenge his waiver.

Petitioner argues that the Government's allegation that he has waived his right to appeal is false. (Docket No. 1020 at 2). Instead, Petitioner asserts the Government "forfeited a waiver argument by failing to raise it in a timely fashion." (Id. at 3). Petitioner cites United States v. Canady, 126 F.3d 352 (2nd Cir. 1997) in his argument. In Canady, however, the defendant "argue[d] that the district court's failure to announce its decision in open court violated Fed. R. Crim. P. 43(a) and the Fifth and Sixth Amendments." Id. at 359. The Court of Appeals of the Second Circuit found "in

examining a purported waiver of the right to a public trial, . . .reasonable presumptions [are] [drawn] against the loss of such a right." Id.

Here, Petitioner's case is not analogous to Canady. A waiver of the right to a public trial is not at issue. Pursuant to General and Broughton-Jones, Petitioner's waiver was based on a knowing and intelligent decision and is valid. Petitioner agreed that the written plea agreement was a full and complete agreement between Petitioner and the Government. (Docket No. 1019-1 at 11). When asked if Petitioner understood that the plea agreement contained an appellate waiver, Petitioner responded "Yes." (Docket No. 1019-1 at 9-10). Additionally, Petitioner was asked if he understood he was "giving up the right to appeal the sentence imposed on [him] by the Court, as well as the right to file habeas corpus petitions attacking the legal validity of the guilty plea and sentence. . . ." (Id. at 10). Petitioner replied "[y]es [he] [did]" understand. (Id.). Petitioner's counsel agreed that Petitioner understood the importance of the waiver of appellate rights and habeas corpus. (Id.).

As noted above, Petitioner's plea agreement contained a waiver of his appellate and collateral attack rights. (Docket No. 712 at 4.) The Government asserts that such waiver bars Petitioner's instant motion. (Docket No. 1019 at 9) However, as to ineffective assistance of counsel claims raised regarding an attorney's action (or lack thereof) after entry of the plea agreement, the Fourth Circuit has stated that the right to challenge a sentence exists in some circumstances. Pursuant to United States v. Attar, 38 F.3d 727, 732-33 (4th Cir. 1994), "the proceedings following entry of the guilty plea–including both the sentencing hearing itself and the presentation of the motion to withdraw their pleas–were conducted in violation of their Sixth Amendment right to counsel" is not waived by a general waiver of appellate rights contained in the plea agreement. Therefore, "upon first blush it appears that [such] claims arising after the guilty plea and/or during sentencing are not

barred by a general waiver of appeal rights." <u>Oden v. United States</u>, Civil No. 3:13-cv-93, Criminal No. 3:11-cr-56, 2014 WL 2462993, at *8 (N.D. W. Va. June 2, 2014.) Here, because Petitioner is challenging counsel's actions regarding sentencing, that claim is not barred by his waiver.

### a. *Petitioner was Sentenced Correctly*.

Petitioner asserts his counsel gave "bad legal advice about pleading guilty" and was "ineffective for giving incorrect sentencing information in contemplation of [Petitioner's] plea." (Docket No. 1020 at 10; <u>See also</u> Docket No. 1009-1 at 2). Additionally, Petitioner argues his sentence was enhanced pursuant to 21 U.S.C. § 851. (Docket No. 1015 at 8). Petitioner cites <u>United States v. Gaviria</u>, 116 F.3d 1498 (D.C. Cir. 1997). In <u>Gaviria</u>, because the defendant spoke little English, the plea offer was made during a status conference on the record. <u>Id.</u> at 1511. Defense counsel informed the defendant that he would receive "about 36 years and [ ] up" with the plea and a "mandatory sentence of life" without it. <u>Id.</u> However, that information was false based on a previous holding in that district. With the plea, the defendant's incarceration range would have been around fifteen (15) to twenty-two (22) years. The defendant did not take the plea deal and the district court imposed the mandatory sentence of life imprisonment. <u>Id.</u> Consequently, the defendant had grounds to argue ineffective-assistance of counsel pursuant to <u>Strickland</u>. The court found the defendant satisfied <u>Strickland's</u> first prong because "his counsel's representation that [the defendant] would be sentenced as a career offender following a plea and that his Guideline range would be from 360 months to life was plainly incorrect." <u>Id.</u> at 1512.

Petitioner's case is not analogous to <u>Gaviria</u>. Petitioner does not provide any evidence to suggest that his counsel knowingly or unknowingly provided Petitioner with an incorrect incarceration range based on the offense. There is nothing to indicate that the original incarceration

range was plainly wrong. Consequently, <u>Gaviria</u> provides Petitioner with no relief.

Petitioner states that his attorney indicated "[the counsel] would ask the court for imposition of 84 months base upon [an offense level of 23] and a criminal history category of V." (<u>Id.</u>). Petitioner claims his counsel's "omissions. . .were not the result of reasoned decisions based on strategic or tactical choices among all plausible options available." (<u>Id.</u> at 10). Consequently, Petitioner finds himself prejudiced from those omissions because "there is a reasonable probability that the outcome of his pretrial, sentening [sic], and direct appeal process would have been different." (<u>Id.</u>).

In accordance to <u>Strickland</u>, Petitioner does not satisfy either of the two prongs. Regarding the performance prong, Petitioner does not demonstrate that his attorney made errors so serious as to diminish Petitioner's guarantees of effective counsel pursuant to the Sixth Amendment. <u>Id.</u> at 687. Petitioner provides no evidence to suggest his counsel's performance fell outside of the "wide range of reasonable professional assistance." <u>Carter</u> at 249. Thus, using an objective standard, the undersigned assumes Petitioner's counsel performed sufficiently.

Regarding the prejudice prong, Petitioner does not demonstrate that he has been deprived of a fair trial with a reliable result. See <u>Strickland</u> 466 U.S. at 687. During the Plea Hearing, Petitioner asserted that he understood that the sentence imposed on him could be different from what he and his lawyer believed it would be. (Docket No. 1019-1 at 14:10-13). Moreover, the following colloquy occurred:

> THE COURT: Do you understand that after the Court has determined what guidelines may apply to your case, the Court has the authority to depart or vary from the guidelines **and impose a sentence that's longer** or shorter than the sentence called for by the guidelines?

THE DEFENDANT: Yes, sir, I understand that.

THE COURT: Under your plea agreement, you and the government have stipulated and agreed to total relevant conduct is a base offense level of 26. Do you understand that **this Court's not bound by that stipulation**, and if the Court does not follow that stipulation, you have no right to withdraw your guilty plea?

THE DEFENDANT: Yes, I do understand that one, too.

(Id. at 14:19-24) (emphasis added). Although Petitioner was given a higher sentence than suggested in the plea agreement, the court made clear that it was not bound by the plea agreement's sentencing stipulation. Additionally, Petitioner is misguided in his belief that his sentence was enhanced in accordance to 21 U.S.C. § 851. The record indicates Petitioner's sentence enhancement occurred subject to U.S.S.G. § 4B1.1[6]. Therefore, Petitioner's enhancement was warranted due to his three (3) prior convictions for the delivery and/or manufacturing of controlled substances which adjusted his offense level from 26 to 32. (Docket No. 1019 at 16).

Pursuant to Strickland, Petitioner must show that but for his counsel's errors, Petitioner would have opted to go to trial. Petitioner fails to meet this burden. Furthermore, bad advice regarding sentencing possibilities is not "but for" cause of a guilty plea, as long as the plea was "based on risk information given. . .by the sentencing court." United States v. Craig, 985 F.2d 175, 179-80 (4th Cir. 1993). Thus, Pursuant to Craig and Strickland, Petitioner does not show prejudice.

Furthermore, the Government correctly asserts that the mandate rule is applicable to

---

[6] U.S.S.G. § 4B1.1 is the Federal Sentencing Guideline for career offenders. § 4B1.1 (b) states in relevant part: "Except as provided in subsection (c), if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply. A career offender's criminal history category in every case under this subsection shall be Category VI."

Petitioner's petition. The mandate rule, "forecloses relitigation of issues expressly or impliedly decided by the appellate court." United States v. Bell, 5 F.3d. 64, 66 (4th Cir. 1993). Davis v. United States, 417 U.S. 333, 342 (1974) found that a petitioner is entitled to a new hearing when the prior determination was made on direct appeal from the applicant's conviction **"if new law has been made** . . . since the trial and appeal." (emphasis added). No new laws contradicting Petitioner's sentence have been made. Additionally, Petitioner previously appealed his sentence and raised the reasonableness of his sentence as his sole issue. See United States v. Estelle, 562 F. App'x 168, 169 (4th Cir. 2014). Accordingly, Petitioner's sentencing issue has already been considered by the Fourth Circuit and is not tenable.

### b. Petitioner's plea agreement was valid.

Pursuant to Boykin v. Alabama, 395 U.S. 238, 242 (1969); North Carolina v. Alford, 400 U.S. 25, 31 (1970), a guilty plea must be a voluntary and intelligent decision of the defendant. See also United States v. Cooper, 617 F.3d 307, 310 (4th Cir. 2010) (suspending a plea colloquy in accordance to Alford). A plea is valid when the defendant is "made aware of all 'the direct consequences of his plea.'" Cuthrell v. Director, Patuxent Inst., 475 F.2d 1364, 1365 (4th Cir. 1973), cert. denied, 414 U.S. 1005 (1973) (quoting Wade v. Coiner, 468 F.2d 1059, 1060 (4 th Cir. 1972)). A defendant's statement that his plea is voluntary and knowing is generally considered conclusive on the issue. Savino v. Murray, 82 F.3d 593, 603 (4th Cir. 1996). See also Grose v. United States, 2011 WL 7461902 *5 (S.D. W. Va. 2011) (quoting Savino's finding). Consequently, pursuant to Fields v. Attorney Gen. Of Maryland, 956 F.2d 1290, 1299 (4 th Cir. 1992), cert. denied, 506 U.S. 885 (1992), "absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy."

Additionally, plea hearings are governed pursuant to Federal Rule of Criminal Procedure 11.[7]

United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) states ". . .the truth of sworn statement made during a Rule 11 colloquy **is conclusively established**, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." (emphasis added). Thus, Petitioner must provide clear and convincing evidence in order to challenge any representations he made during his Rule 11 plea hearing.

Here, Petitioner pled guilty during his Rule 11 plea hearing.[8] (Docket No. 1019-1 at 22:2). In accordance to Boykin, Judge Bailey found Petitioner was "fully competent and capable" of entering the plea of guilty, and that the plea was "freely, knowingly and voluntarily made." (Id. at 23:15-17). Petitioner understood "that [he had] been placed under oath and [that he] must tell the truth. (Id. at 3:1-3). Further, Petitioner understood his answers were very important, and if there was "anything [Judge Baily] [said] or ask[ed] that [Petitioner] [did not] understand," Petitioner could ask the Judge to stop in order to consult with his lawyer. (Id. at 8-13). Pursuant to Lemaster, Petitioner's statements are conclusively established. Consequently, this court must dismiss any § 2255 motion that relies on allegations that contradict sworn statements. See Lemaster 403 F.3d. at 220.

As discussed previously, Petitioner stated under oath that he understood: (1) "the

---

[7] Petitioner acknowledges he had a Rule 11 hearing stating, "[t]he record indicated that on February 21, 2013, a Rule 11 hearing was held during which [Petitioner] entered a plea of guilty pursuant to the plea agreement." (Docket No. 1009-1 at 8).

[8]THE COURT: Are you, in fact, guilty to the crime charged in count 1? Did you do it?
THE DEFENDANT: Yeah, I did it.
(Docket No. 1019-1 at 23:3-5).

consequences of a plea of guilty" (Docket No. 1019-1 at 17:16-18); (2) that "the U.S. Sentencing Guidelines play[ed] an important role in determining [Petitioner's] sentence in the case" (Id. at 13:5-8); and (3) the authority of the Court to "depart or vary from the guidelines and impose a sentence that's longer or shorter than the sentence called for by the guidelines." (Id. at 14:19-24). Additionally, Petitioner understood that "no one could know at [that] time the exact sentence which [would] be imposed in [his] case until a presentence report [had] been completed." (Id. at 22:18-21). Therefore, pursuant to Savino, Petitioner's statements are considered conclusive on the issue of his sentence.

Moreover, Petitioner asserted his lawyer: (1) "adequately represented [him] in [the] matter" (Id. at 22:22-24); and (2) "did everything [Petitioner] asked." (Id. at 23:2). During the plea hearing, Petitioner's counsel stated, "For the record, I have met with [Petitioner] multiple times. We discussed the evidence in the case and I think this is the best outcome for [Petitioner]." (Id. at 23:8-10). Pursuant to Fields, Petitioner has not provided clear and convincing evidence to challenge to his statements made under oath during the Rule 11 hearing and relied on by the Court in accepting his guilty plea. Accordingly, Petitioner's plea is conclusive. See Savino, 82 F.3d at 603.

### c.      *Petitioner was Indicted correctly pursuant to Fed. R. Crim. P. 6.*

Petitioner asserts he was prejudiced when counsel "failed to investigate or move to dismiss indictment." (Docket No. 1015 at 5). Petitioner claims the record indicated "Nothing in the United States District Court for the Northern District of West Virginia At Wheeling records show where the Grand Jury returned Mr. Estelle's Indictment in Open Court, Or Voted the Indictment in Open Court requires by Fed. R. Crim. P. 6 and the Fifth Amendment 12 Jurors Of A Grand Jury." (Docket No.

1015-2 at 3). Petitioner cites Gaither v. United States, 413 F.2d 1061 (D.C. Cir. 1969). In Gaither, a grand jury voted to "present" defendants for grand larceny. Id. at 1074. The indictment was drafted by the United States Attorney's office and signed by the grand jury foreman without being considered again by the other eleven jurors. Id.

Here, Petitioner's case is not analogous to Gaither. The relevant Federal Rule in question states:

> "A grand jury may indict only if at least 12 jurors concur. The grand jury--or its foreperson or deputy foreperson--must return the indictment to a magistrate judge in open court. To avoid unnecessary cost or delay, the magistrate judge may take the return by video teleconference from the court where the grand jury sits. If a complaint or information is pending against the defendant and 12 jurors do not concur in the indictment, the foreperson must promptly and in writing report the lack of concurrence to the magistrate judge."

Fed. R. Crim. P. 6. Unlike Gaither, there is no evidence to suggest the Grand Jury failed to consider the indictment before finding it. Petitioner provides the court with no evidence to support the accusation that only the foreman considered the indictment. The sole signature of the foreman on the indictment does not indicate that he or she was the only person to consider it. Consequently, Petitioner can find no relief under Gaither.

## 3.    Standard Governing Requests for Evidentiary Hearings

Pursuant to Poyner, 964 F.2d at 1404, "habeas corpus defendant is entitled to evidentiary hearing **only to resolve disputed issues of material fact**." (emphasis added). Additionally, a petitioner "must present a colorable claim to relief by showing that alleged additional facts, if true, would at least arguably compel granting of writ." Id. McCarver v. Lee, 221 F.3d 583, 598 (4th Cir. 2000) held that the "district court is permitted to hold an evidentiary hearing only when

the petitioner "alleges additional facts that, if true, would entitle him to relief." Moreover, Holmes v. United States, 876 F.2d 1545, 1553 (11 th Cir. 1989) found that "a hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record." (quoting Guerra v. united States, 588 F.2d 519 (5th Cir. 1979).

In accordance to Poyner, there are no disputed issues of material fact in the instant motion. Further, Petitioner does not allege or present evidence to support any of his claims. Petitioner does not allege any additional facts which would entitle him to relief. See McCarver 221 F.3d at 598. Pursuant to Guerra, a hearing is not required because Petitioner's allegations contradict what is found in the record. Consequently, because Petitioner's claims are without merit and based on unsupported generalizations. Thus, Petitioner is not entitled to an evidentiary hearing.

## IV.    RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Action No. 5:15-cv-23, Docket No. 1; Criminal Action No. 5:12-cr-20-6, Docket No. 1009) be **DENIED** and **DISMISSED WITH PREJUDICE**.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in

21

waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to counsel of record and to mail a copy of this Report and Recommendation by certified mail, return receipt requested, to the *pro se* Petitioner Deandre Scott Estelle.

DATED: July ⟋ , 2015

JOHN S. KAULL

UNITED STATES MAGISTRATE JUDGE